

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| HARVEY FERTILIZER AND GAS CO., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| STRICKLAND FARMS OF GREEN SEA, | § | Civil Action No.: 4:17-cv-02740-MGL |
| INC., TERRY WAYNE STRICKLAND, | § | |
| and CHARLENE ELLIOTT | § | |
| STRICKLAND, | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS**

## I.   INTRODUCTION

This is an action for breach of contract under North Carolina state law and for attorney fees pursuant to N.C. Gen. Stat. § 6-21.2.  The Court has jurisdiction over this matter under 28 U.S.C. § 1332.

Pending before the Court are two motions by Plaintiff Harvey Fertilizer and Gas Company (Harvey):  1) a motion for summary judgment, and 2) a motion for sanctions for failure to appear at mediation.  Having carefully considered the motions, the responses, the record, and the applicable law, it is the judgment of the Court Harvey's motion for summary judgment will be granted and its motion for sanctions will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

On December 5, 2013, Defendants Strickland Farms of Green Sea, Inc. (Strickland Farms), Terry Wayne Strickland (Mr. Strickland), and Charlene Elliott Strickland (Ms. Strickland) (collectively, Defendants) entered into a Credit Application and Credit Agreement (Credit Agreement) with Harvey for the purchase of certain agricultural goods. Complaint ¶14. Around a year and a half later, with Defendants in default on the original Credit Agreement, Defendants executed a Promissory Note on July 1, 2015, (Promissory Note) for the $377,247.93 owed plus 10% per annum interest on the principal balance due December 31, 2015. Promissory Note at 1.

Concurrently, Defendants signed a Security Agreement with Harvey on July 1, 2015, (Security Agreement), creating a security interest on certain property owned by Defendants related to the Promissory Note. Security Agreement at 1. When Defendants failed to pay the amount owed Harvey by the December 31, 2015, deadline, the parties executed a Modification Agreement dated February 9, 2016, (Modification Agreement) continuing the terms of the Promissory Note, but extending the maturity date to December 31, 2016. Modification Agreement. All three agreements are governed by North Carolina law. Promissory Note at 3; Security Agreement at 4; Modification Agreement at 3. Defendants failed to make payment by the December 31, 2016, deadline.

After Harvey filed its initial complaint, it filed its motion for summary judgment. Defendants thereafter filed their response, and Harvey filed its reply.

Harvey also filed a motion for sanctions, to which Defendants responded. The Court subsequently issued an order staying the case pending resolution of the bankruptcy filings by Defendants, which it lifted after Harvey informed it the bankruptcy court had dismissed Defendants' cases.

The Court, having been briefed on the relevant issues, is prepared to adjudicate Harvey's two motions on the merits.

## III. STANDARD OF REVIEW

### A. *Summary Judgment*

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322–23. Hence, the granting of summary judgment involves a three-tier analysis.

First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a substantive disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251–52. The substantive law of the case identifies which facts are material. *Id.* at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

### B. Sanctions

Under Local Civil Rule 16.09, "[i]f a person fails to attend a duly ordered mediation conference without good cause, the court may impose upon the party or the party's principal any lawful sanctions, including, but not limited to, the payment of attorney's fees, mediator's fees, or expenses incurred by persons attending the conference, and any other sanction authorized by Rule 37(b) of the Federal Rules of Civil Procedure."

## IV. DISCUSSION AND ANALYSIS

### A. *Whether the Court should grant Harvey's motion for summary judgment*

#### 1. *Whether Harvey is entitled to summary judgment on its breach of contract action*

It is undisputed Mr. and Ms. Strickland, individually as well as on behalf of Strickland Farms, signed the Promissory Note. Mr. Strickland Dep. at 24:10-24; Ms. Strickland Dep. at 19:2-6. It is likewise uncontested Mr. and Ms. Strickland, individually as well as on behalf of Strickland Farms, signed the Modification Agreement. Mr. Strickland Dep. at 41:3-9; Ms. Strickland Dep. at 22:21–23:7. These two documents serve as the framework of the contractual obligations between the parties.

Under the Modification Agreement, Defendants agreed they owed Harvey a "principal amount of Three Hundred Seventy-Seven Thousand Two Hundred Forty-Seven and 93/100 Dollars," with "[i]nterest continu[ing] to accrue" until payment of the amount in full. Modification Agreement at 2-3. Harvey asserted, and Defendants do not seem to dispute, "Defendants have not made any payment on their obligation to Harvey in any amount since signing the Modification." Pl. Br. at 5.

Defendants raise two objections to the entry of summary judgment, both unavailing. First, Defendants ask for additional discovery. Second, the Defendants assert, without providing any evidence beyond conclusory statements offered by Mr. Strickland during his deposition, an issue of material facts remains as to whether Defendants were properly credited with all the returns on their account and more generally as to the amount owed by Defendants to Harvey.

The Defendant's argument requesting additional time to conduct discovery is unconvincing. Motions for extension of time for discovery "will be granted only in unusual cases and upon a showing that the parties have diligently pursued discovery during the originally

specified period." Local Rule 6.01. The Court has already graciously extended the discovery deadline from the original date of October 17, 2018, to November 19, 2018. Amended Scheduling Order at 1.

Defendants' opposition to the motion for summary judgment, which they filed ten days after the discovery deadline, was the first time they raised any concerns about the discovery schedule to the Court. Defendants provide no justification for why they failed to complete discovery on time, merely claiming additional discovery is needed. This fails to comport with the requirements of Local Rule 6.01 and therefore the request for additional time to conduct discovery will be denied.

Further, Defendant's argument there exists a genuine dispute of material fact is unpersuasive. Although the summary judgment standard is favorable to the non-moving party, "unsupported speculation is not sufficient to defeat a summary judgment motion." *Baber v. Hospital Corp. of Am.*, 977 F.2d 872, 875 (4th Cir. 1992).

The Fourth Circuit is clear there exists an "affirmative obligation [on] the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (internal quotations omitted). And, Conclusory statements purporting to create a material issue of fact are insufficient to defeat a motion for summary judgment. *See Goldberg v. B. Green & Co.*, 836 F.2d 845, 848 (4th Cir. 1988) ("Conclusory assertions that Green's state of mind and motivation are in dispute are not enough to withstand summary judgment.").

Defendants point to three statements made by Mr. Strickland during his deposition purporting to establish a genuine issue of material fact: 1) "we returned some stuff, and I don't know if the account was credited with it or not" (Mr. Strickland Dep. at 44:5-7); 2) Mr. Strickland

"would have to go through [his] checks and see what was paid for and what wasn't" (Mr. Strickland Dep. at 44:24-25); and 3) "It wasn't in my intentions to pay no 377,000 because what we started off to start with, I believe I owed him 100,000 or somewhere in that range, and I assume the rest of that is interest. I don't know." (Mr. Strickland Dep. at 29:12-16). All three of these statements are equivocal and conclusory and therefore fail to create a genuine issue of material fact. *See Goldberg*, 836 F.2d at 848 (stating conclusory statements cannot defeat a motion for summary judgment).

Defendants provided no evidence as to the validity of any of these statements other than their mere existence in the deposition transcript. Additionally, the qualifiers in the deposition transcript—"I don't know" and Mr. Strickland's need to check his records to confirm—argue against these statements affirmatively establishing a counter to Harvey's recitation of the facts.

Further, the final statement, concerning the amount owed, is directly contradicted by the Modification Agreement—signed by Mr. Strickland—which explicitly states the $403,799.44 owed at the time of the modification was the sum of the principal balance ($369,578.60) and accrued interest to date ($34,220.84). Modification Agreement at 2. None of the three statements cited by Defendants create a genuine issue of material fact and therefore the analysis must turn to the merits of the case.

Under North Carolina law, which governs this contract, an individual who signs a contract, absent a showing of fraud, "is held to have signed with full knowledge and assent as to what is therein contained" and therefore bound by the terms. *Williams v. Williams*, 18 S.E.2d 364, 366 (N.C. 1942). There is no allegation of fraud on the contract, therefore Defendants are bound by the terms of the Modification Agreement.

7

The agreement is clear in its plain language; Defendants agreed to repay to Harvey $403,799.44 plus accrued interest of ten percent per annum. Modification Agreement at 2-3. Defendants neglected to make any argument to the contrary. Defendants are therefore contractually obligated to pay Harvey $403,799.44 plus interests calculated at a rate of ten percent per annum from and after December 31, 2015 until the date of the Judgment and the statutory rate thereafter until paid in full.

> 2. *Whether Harvey is entitled to summary judgment as to its claim it has a valid right to possession of the collateral from the Security Agreement*

Under North Carolina law, after a contractual default, a secured party "may take possession of the collateral" previously identified. N.C. Gen. Stat. § 25-9-609. To establish a claim under § 25-9-609, a party must show three elements: 1) "it held a valid, enforceable, perfected security interest" in the collateral; 2) the property would be taken "subject to its security interest"; and 3) the other party is in default of the contract. *Paccar Fin. Corp. v. Harnett Transfer, Inc.*, 275 S.E.2d 243, 247 (N.C. App. 1981). Although *Paccar* discusses the elements in the context of N.C. Gen Stat. § 25-9-503, this analysis is relevant to the case at hand as N.C. Gen. Stat. § 25-9-609 replaced N.C. Gen. Stat. § 25-9-503 in July 2001. *See Giles v. First Va. Credit. Servs., Inc.*, 560 S.E.2d 557, 562 (N.C. App. 2002) (explaining the change in statute numbering).

Here, there is a properly executed Security Agreement, signed by both Mr. Strickland—both in his individual capacity and as the representative for Strickland Farms—and Ms. Strickland, which created a valid enforceable security interest for the Promissory Note in "all equipment including farm equipment; all farm products, including crops, grown, growing, to be grown; all inventory, including stored crops; and all contract rights, accounts, governmental program payments, and general intangibles [(the property)]." Security Agreement at 2. The Modification Agreement ratified the rights under the Security Agreement. Modification Agreement at 2. The

property would be taken "subject to [Harvey's] security interest" because Defendants are clearly in default of their contractual obligations, as established above. Defendants fail to make any argument to the contrary. Therefore, the Court concludes Harvey has established a right, under § 25-9-609, to the property.

> 3. *Whether Harvey is entitled to summary judgment as to its argument it is entitled to attorney fees under N.C. Gen. Stat § 6-21.2*

Under North Carolina law, a successful party in a contract dispute may collect attorney fees from the other party, when such a provision is included in the "note conditional sale contract or other evidence of indebtedness . . . if such [contract] be collected by or through an attorney at law after maturity." N.C. Gen. Stat. § 6-21.2. If a note does not specify a specific percentage, the attorney fee provision "shall be construed to mean fifteen percent (15%) of the outstanding balance." N.C. Gen. Stat. § 6-21.2(2) (internal quotations omitted). The outstanding balance upon which the calculation is to be made is "the principal and interest owing at the time [the] suit is instituted to enforce any security agreement securing payment of the debt and/or the collect said debt." N.C. Gen. Stat. § 6-21.2(3).

The Promissory Note states "[i]f Lender initiates any legal proceedings or incurs any legal expense or attorneys fees in exercising any of its rights or remedies upon default . . . such expenses and reasonable attorneys fees shall be added to the principal balance due." Promissory Note at 2. This language triggers North Carolina's statute.

Harvey filed this action with the Court on October 11, 2017. At the time of the Modification Agreement, Defendants owed Harvey $369,578.60 in outstanding principal balance, subject to a ten percent per annum interest. Modification Agreement at 1-2; *see also* Promissory Note 1 (stating interest will be calculated based upon the principal balance). This equates to interest owed of $36,957.86 per year, or $101.25 per day.

9

The Modification Agreement noted Defendants owed Harvey a total balance, including interest, of $403,799.44, as of December 31, 2015. There are 650 days between December 31, 2015 and October 11, 2017. Accordingly, when Harvey filed this action, Defendants owed $65,812.50 ($101.25x650) of interest, plus the $403,799.44 outstanding total balance from the Modification Agreement, for a total of $469,611.94. Thus, inasmuch as the Promissory Note and Modification Agreement failed to set forth a specific percentage, under the fifteen percent fee contemplated by the North Carolina statute, Defendants owe fifteen percent of $469,611.94, or $70,441.79, in attorney fees.

### B. *Whether the Court should impose sanctions on Strickland Farms and Ms. Strickland for failing to attend the mediation*

Neither Ms. Strickland nor Mr. Strickland—in his capacity as the official representative of Strickland Farms—attended the Court-ordered mediation scheduled for December 7, 2018. The Courts analysis, as dictated by Local Rule 16.09, must look beyond just this fact. The absence by both Mr. and Ms. Strickland must have been without good cause.

The analysis for Strickland Farms is straightforward. In response to the motion for sanctions, Strickland Farms has informed the Court Mr. Strickland was unable to attend the mediation—as the representative for Strickland Farms—because he "had to seek medical care [that] day." Def. Br. at 2. Mr. Strickland was immune from sanctions for not attending in his individual capacity because of a pending bankruptcy action. Harvey neglected to file any reply countering this claim. It is the opinion of the Court medical care fits into the realm of good cause and therefore sanctions under Local Rule 16.09 are unwarranted for Strickland Farms.

The analysis for Ms. Strickland is not as evident. It is uncontested Ms. Strickland failed to appear at the agreed upon date and time for mediation. Upon arrival, Defendants' counsel

informed Harvey none of the Defendants would be attending the mediation. Pl. Br. at 2. It is likewise undisputed an hour after the scheduled start for the mediation, Ms. Strickland offered to come to the prearranged location to allow the mediation to move forward. *Id.* The parties agreed, however, Ms. Strickland should not come at that time and the mediation would not move forward.

Although the Court is inclined to hold Ms. Strickland originally lacked good cause to miss the scheduled mediation, it concludes once she offered to come to the mediation but Harvey rejected her proposal, any bad faith was expunged. Because Harvey rejected the opportunity to proceed with the scheduled mediation, albeit an hour or so late, it would be unfair to grant sanctions.

Accordingly, the Court will deny Harvey's motion for sanctions as to both Strickland Farms and Ms. Strickland.

## VI. CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Defendants' request for more time to conduct discovery is **DENIED**, Harvey's motion for summary judgment is **GRANTED**, and Harvey's motion for sanctions is **DENIED**.

Defendants are to pay the amount of $403,799.44 plus interest at a rate of ten percent per annum from and after December 31, 2015 until the date of this judgment and thereafter at the statutory rate until paid in full. Defendants are required to deliver to Harvey immediate possession of all collateral identified in the Security Agreement. Any application of the value of the collateral collected—sold or not—to the total amount of the Judgment shall be governed by North Carolina law. Finally, Defendants shall pay to Harvey $70,441.79 in attorney fees.

**IT IS SO ORDERED.**

Signed this 25th day of September 2019 in Columbia, South Carolina.

                                                s/Mary Geiger Lewis  
                                                MARY GEIGER LEWIS  
                                                UNITED STATES DISTRICT JUDGE